Mr. Chief Justice ShaRkey
delivered the opinion of the court.
This case presents a single point. Suit was brought by the Commercial Bank of Natchez, after proceeding by quo warranto had been commenced against it, and pending the injunction issued under the act of 1843, but before the charter had been judicially declared forfeited. On motion of defendants, the court dismissed the suit because of the pendency of the injunction, and this is the error complained of.
*568 An injunction, operates not upon a cause of action, but as a restraint upon the person. 1 Madd. 126; 2 Story’s Eq. Jur. § 861. And for a violation of injunction after it has been served, or even after notice, the party, as well as his attorney, is liable to be punished for a contempt. An injunction before suit brought has the effect to prevent such a proceeding. Jeremy’s Eq. 341; 2 Madd. 220. But'the corrective is not by dismissing the suit at law, if it should be brought. The decision in the case of the Commercial Bank of Manchester v. Waters, 10 S. & M. 559, is decisive of this question. The bank was under injunction, and, notwithstanding, caused an execution to be levied. On motion to set aside the levy and to supersede the execution, it was held that the remedy Was not by supersedeas at law, but by attachment against the party or his attorney ; and accordingly the supersedeas was discharged.
It is not necessary that we should decide in this case whether the suit was properly or improperly brought; nor do we give any opinion as to the effect of such an injunction as that issued under the act of 1843. We reserve these questions until they shall be properly presented.
Judgment reversed, and cause remanded.